[No. 15905.  Department One.  November 1, 1920.]

THE STATE OF WASHINGTON, *on the Relation of W. V. Tanner, Attorney General, Respondent,* v. JACOB RYCHEN, *Appellant.*[1]

ALIENS (3)—DISABILITY—RESTRICTIONS ON HOLDING LAND—GOOD ·FAITH IN DECLARATION.  A declaration of intention to become a citizen of the United States, made in 1912, is shown not to have been in good faith, where no further effort to become a citizen was made for seven years, when, in 1919, the applicant withdrew the application and surrendered his right to become a citizen on claiming exemption from military service, under the selective service law, Barnes Federal Code, § 10,222.

ESCHEAT — RECOVERY OF ESCHEATED PROPERTY — GOOD FAITH OF ALIEN—PLEADING—SUFFICIENCY.  In an action to escheat lands held by an alien, a complaint alleging that defendant is not a citizen and has not at any time in good faith declared his intention to become a citizen, sufficiently alleges fraud or bad faith in making his declaration of intention, as against a general demurrer.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered December 9, 1919, in favor of the plaintiff, in an action to forfeit to the state lands held by an alien, tried to the court.  Affirmed.

*Troy & Sturdevant* and *George F. Yantis,* for appellant.

*The Attorney General (Henry Harmeling,* of counsel), for respondent.

PARKER, J. — This action was commenced by the *Attorney General* in the superior court for Thurston county, seeking a judgment of forfeiture to the state of certain agricultural land, the record title to which was held by appellant.  The action was commenced and prosecuted by the *Attorney General* upon the theory that the defendant is an alien; that he has not, in good

[1]Reported in 193 Pac. 220.

faith, declared his intention to become a citizen of the United States; that the land in question was not acquired by him by inheritance, under mortgage, or in the ordinary course of justice in the collection of debts; and that, therefore, his claim of title thereto is made in violation of § 33, art. 2, of our state constitution, which reads as follows:

"The ownership of lands by aliens, other than those who in good faith have declared their intention to become citizens of the United States, is prohibited in this state, except where acquired by inheritance, under mortgage or in good faith in the ordinary course of justice in the collection of debts; and all conveyances of lands hereafter made to any alien directly, or in trust for such alien, shall be void: Provided, that the provisions of this section shall not apply to lands containing valuable deposits of minerals, metals, iron, coal, or fire clay, and the necessary land for mills and machinery to be used in the development thereof and the manufacture of the products therefrom. Every corporation, the majority of the capital stock of which is owned by aliens, shall be considered an alien for the purposes of this prohibition."

Trial in the superior court upon the merits resulted in judgment in favor of the state as prayed for, from which the defendant has appealed to this court.

Appellant is a native of Switzerland, having been born in that country in the year 1883. He came to this country in August 1907, where he has ever since resided. On December 10, 1912, he declared his intention to become a citizen of the United States, in the superior court for Pierce county, thence receiving from the clerk of that court a certificate in usual form evidencing that fact. On August 13, 1913, he acquired by purchase, not under mortgage, or in the ordinary course of justice in the collection of debts, the land here in question, which is purely agricultural land, and

not of that character which aliens are permitted to own by virtue of the concluding provisions of § 33, art. 2, of the constitution above quoted. Appellant has never made any further effort to become a citizen of the United States, though it is plain, under the Federal naturalization laws, §§ 3743, 3750, Barnes Federal Code of 1919, that he could have successfully made application in that behalf within two years following his declaration of intention, had he been able to prove himself fitted to become a citizen. On October 31, 1918, appellant was called upon to fill out his questionnaire, under the selective service law passed by Congress looking to the organizing of the military forces of this country for the prosecution of the late world war. On being advised of his duties and rights under that law, appellant elected to avoid military service on the ground that he was an alien; and to that end he surrendered the certificate evidencing the making of his declaration of intention to become a citizen and declared his withdrawal of his intention to become a citizen, by making and filing with the proper officers the following affidavit:

"State of Washington ⎫
"County of Thurston  ⎬ ss.

"I, Jacob Rychen, do solemnly swear—affirm—that I reside at Yelm, Washington; that I am registered with Local Board for Thurston Co., Wash.; that my order number is A250, and serial number is......; and that I am a citizen or subject of Switzerland, which is neutral in the present war. I further swear that, on the 10th day of December, 1912, I declared my intention to become a citizen of the United States in the superior court of Pierce county at Tacoma, Washington, under the name of Jacob Rychen; that I hereby withdraw my intention to become a citizen of the United States, which withdrawal I understand shall operate and be held to cancel my declaration of

intention to become a citizen of the United States and shall forever debar me from becoming a citizen of the United States, in accordance with the act of Congress approved July 9, 1918; (a) that I herewith surrender my original duplicate copy of my declaration of intention to become a citizen of the United States, serial number 2877; and I do hereby claim relief from liability to military service in accordance with the law and regulations.

"Jacob Rychen.

"Subscribed and sworn to before me this 31 day of Oct. 1918.

"A. C. Baker,

"Deputy County Clerk, Thurston County, Wash."

This claim of exemption from military service was made by appellant under the provisions of the selective service law found in § 10,222, Barnes Federal Code of 1919, reading as follows:

". . . Provided further, that a citizen or subject of a country neutral in the present war who has declared his intention to become a citizen of the United States shall be relieved from liability to military service upon his making a declaration, in accordance with such regulations as the President may prescribe, withdrawing his intention to become a citizen of the United States, which shall operate and be held to cancel his declaration of intention to become an American citizen, and he shall forever be debarred from becoming a citizen of the United States."

The cause was disposed of by the superior court in favor of the state, upon the same theory under which it was prosecuted by the *Attorney General;* that is, that appellant had never, in good faith, declared his intention to become a citizen of the United States; the court expressly so finding. The correctness of this finding is the only question we find it necessary here to consider, so far as the merits of the case is concerned, since there is no question raised

as to the land being acquired by appellant by voluntary purchase, nor as to the land being of the character which aliens are not permitted to acquire by voluntary purchase. The principal contention of counsel for appellant is, in substance, that the court was not warranted in finding that appellant's declaration of intention to become a citizen of the United States was not made in good faith at the time he declared such intention in the superior court for Pierce county; that is, that such want of intention and good faith is not shown by the subsequent acts of appellant which we have noticed. We cannot agree with this contention. Appellant delayed applying for full citizenship for a period of nearly five years following his declaration of intention, when he could have secured his full citizenship, had he proven himself fit, at the expiration of two years after declaring his intention; and then, the first time he was called upon to further evidence his allegiance to the country of his adoption, in its hour of peril, he voluntarily withdrew his intention to become a citizen in order to avoid service to the country, such as he must have known, at the time of making his declaration of intention to become a citizen, would be expected of him in case of the country's need. These considerations, we think, render it plain that the trial court was fully warranted in concluding that appellant did not, in good faith, declare his intention to become a citizen of the United States.

Some contention is made in appellant's behalf that the trial court erred in overruling his demurrer to the *Attorney General's* complaint. The allegations of the complaint are that, "said defendant is not a citizen of the United States or of the state of Washington, nor has such defendant at any time in good faith de-

clared his intention to become a citizen of the United States." The argument is that this is not a sufficiently specific allegation of fraud or bad faith on the part of appellant in making his declaration of intention to become a citizen. We think it is sufficient, in any event, as against a general demurrer. It seems hardly possible that appellant could fail to understand by this allegation that it meant that the declaration of intention to become a citizen, made by him, was not made in good faith. This was the ultimate fact to be proven in behalf of the state.

The conclusions reached by us on the questions above noticed render it unnecessary for us to discuss other questions presented. The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MACKINTOSH, JJ., concur.